**Danny Brian BRATTAIN,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–0712–CR–750.**

Court of Appeals of Indiana.

Aug. 11, 2008.

David A. Happe, Lockwood Williams & Happe, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Danny Brattain appeals the sentence imposed following his guilty plea to Operating a Vehicle with a Blood Alcohol Concentration ("BAC") of .15 percent or Greater as a Class A misdemeanor,[1] and Operating a Vehicle After Forfeiture of License for Life as a Class C felony,[2] for which he received an aggregate eight-year sentence, with three and one-half years suspended to probation. Upon appeal, Brattain claims that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that Brattain has waived his claim and that, in any event, it fails on the merits, we affirm.

### FACTS AND PROCEDURAL HISTORY

On August 2, 2007, Brattain drove a motor vehicle after he had been drinking alcohol. Brattain's driving privileges had been forfeited since 1987 due to convictions for driving while intoxicated and driving with a suspended license. Edgewood Police Officer Anthony Keyo pulled Brattain's car over a serving Brattain driving over the speed limit, driving left of the center line, and failing to signal when making a turn. Officer Keyo later observed beer cans inside Brattain's car. Brattain had bloodshot eyes and slurred speech, and he admitted to Officer Keyo that he had been drinking that night. Officer Keyo subsequently administered a test revealing that Brattain's BAC was .21 percent.

1. Ind.Code § 9–30–5–1(b) (2007).

2. Ind.Code § 9–30–10–17 (2007).

The State charged Brattain on August 6, 2007, with Class A misdemeanor operating a vehicle with a BAC of .15 percent or greater (Count I), Class A misdemeanor operating a vehicle while intoxicated endangering a person (Count II), and Class C felony operating a motor vehicle after forfeiture of license for life (Count III). On October 22, 2007, Brattain entered into a written plea agreement. Pursuant to the agreement, Brattain pled guilty to Counts I and III. The agreement imposed a cap of four and one-half years of executed time. At a November 20, 2007 sentencing hearing, the trial court sentenced Brattain to concurrent sentences of one year in the Department of Correction for Count I; and eight years, with three and one-half years suspended to probation, for Count III. This appeal follows.

## DISCUSSION AND DECISION

■ On appeal, Brattain challenges his sentence by claiming that it is inappropriate in light of the nature of his offenses and his character. The State responds by first claiming that Brattain has waived his right to appeal. In making this argument, the State refers to the plea agreement, which contained the following provision waiving the right to an appeal: "Defendant further waives the right (under Indiana Appellate Rule 7 and I.C. 35–38–1–15 or otherwise) to review of the sentence imposed."

In *Creech v. State*, 887 N.E.2d 73, 75 (Ind.2008), the Indiana Supreme Court held that such waiver provisions in plea agreements are enforceable and that a defendant may waive the right to appellate review of his sentence as part of a written

plea agreement, as Brattain did here. Although Brattain claims that such waivers should only be enforceable when accompanied by an advisement on the record by the trial court,[3] the Supreme Court specifically rejected this argument in *Creech* on the basis that neither the Indiana Rules of Criminal Procedure nor the Indiana Code requires trial courts accepting plea agreements to make express findings regarding a defendant's intention to waive his appellate rights. *Id.* at 77. Indeed, "[a]cceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver." *Id.*

To the extent that Brattain further challenges his waiver by claiming that the trial court "invalidated" it by appointing him appellate counsel following his plea, this argument is similarly untenable under *Creech*, where the Supreme Court determined that subsequent actions by the trial court following a defendant's plea are presumed to have no effect on the plea transaction, even in cases where a defendant is erroneously advised that he has a right to appeal. *Id.* Here the trial court merely appointed appellate counsel pursuant to Brattain's request more than a week following his plea. Under *Creech*, this appointment did not "invalidate" his plea. *See Id.* Accordingly, we conclude that Brattain has waived this appeal.

■ Waiver notwithstanding, Brattain's challenge fails on the merits. Brattain challenges the sentence imposed on him by the trial court by claiming that it is inappropriate in light of the nature of his offenses and his character. Article VII,

**3.** Brattain submits *Clay v. State,* 882 N.E.2d 773, 776 (Ind.Ct.App.2008) as authority for this proposition. To the extent that *Clay* survives *Creech,* it is distinguishable in that the plea agreement in *Clay* involved extensive negotiations and multiple drafts, suggesting that there was some question as to the ultimate terms of the plea and that it needed clarification on the record.

Section 6 of the Indiana Constitution " 'authorize independent appellate review and revision of a sentence imposed by the trial court.' " *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006) (emphasis and internal quotations omitted)). Such appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making sentencing decisions. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind.Ct.App.2007). It is the defendant's burden to demonstrate that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

Brattain's challenge to the alleged inappropriateness of his sentence is based on his claimed good character. Brattain argues that in light of his claimed sincere remorse and the significant time that had elapsed since his prior offenses, his sentence should be reduced or his placement altered to a work release facility. Both of Brattain's requests for relief are properly before us in our Rule 7(B) review. *See Biddinger v. State*, 868 N.E.2d 407, 414 (Ind.2007) ("The place that a sentence is to be served is an appropriate focus for application of our review and revise authority.").

 While Brattain's demonstrated remorse reflects well upon his character, it does not offset the significant effect of his criminal history, which includes, among other crimes, nine prior convictions for alcohol related traffic offenses. We recognize that the significance of previous crimes varies based on the gravity, nature, and number of prior offenses as they relate to the current offense. *See Wooley v. State*, 716 N.E.2d 919, 929 (Ind.1999). Although there is a fifteen-year time gap between Brattain's prior offenses and the instant driving offenses, our confidence in his rehabilitation is somewhat undermined by his pending charges and a warrant issued, within the past two years preceding the current offenses, for operating a motor vehicle after forfeiture of license, one of the crimes at issue here. Regardless of the personal tragedies which Brattain has sadly been forced to endure, his history of driving violations demonstrates an ongoing disregard for the law, and such conduct is inconsistent with a person who is trying to reform his life and demonstrate strong character. The trial court's sentence was within the terms of Brattain's plea agreement, and we are convinced that it is appropriate in light of his character and the nature of his crimes.

Additionally, Brattain urges this Court to revise his sentence on the ground that the aggravating and mitigating factors were not properly balanced. However, under the amended version of the sentencing statute for a Class C felony,[4] the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing sentence and cannot now be said to have abused its discretion in failing to "properly weigh" sentencing factors. *Anglemyer*, 868 N.E.2d at 491. Accordingly, we decline to review the merits of Brattain's

---

4. Indiana Code section 35–50–2–6 was amended in 2005 to rectify the Sixth Amendment problem presented by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See Anglemyer*, 868 N.E.2d at 486–88.

challenge to the relative weight of aggravating and mitigating factors used by the trial court in imposing his sentence.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.