**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL BURNETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1304-CR-161 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-0910-FB-111

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Michael Burnett appeals the sentence the trial court imposed upon him following a guilty plea. Concluding that Burnett waived his right to appeal his sentence, we affirm.

## ISSUE

Burnett raises five issues, but an issue raised by the State is dispositive: whether Burnett waived his right to appeal his sentence.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2009, four men confronted Colton Davis and Andrew McNish, took their wallets and phones, beat them after they tried to flee, and forced them into the trunk of Davis's car. Next, the four men drove around in the car. Burnett became involved when the assailants asked him to help them use Davis's ATM card to remove money from an ATM. An ATM security camera recorded Burnett and another man using Davis's card. Burnett left the men and their captives after helping them at the ATM. Later, a police officer initiated a traffic stop of the car, and the four men ran away from the car after crashing it. The officer freed Davis and McNish from the trunk. Other officers subsequently arrested several of the men, who implicated Burnett in the incident.

The State charged Burnett with two counts of robbery as Class B felonies, two counts of criminal confinement as Class B felonies, and one count of carjacking as a Class B felony. Burnett and the State executed a plea agreement. Pursuant to the agreement, Burnett pleaded guilty to both counts of robbery and both counts of criminal confinement, and the State dismissed the carjacking count. In addition, the State and Burnett agreed that the executed portion of his sentence would be capped at thirty years.

Burnett further agreed to waive his right to appeal his sentence "so long as the Judge sentence[d] [him] within the terms of [the] plea agreement." Appellant's App. p. 21.

The court accepted Burnett's guilty plea. After a hearing, the court sentenced Burnett to an aggregate executed term of twenty-eight years. The subject of an appeal was not addressed at the sentencing hearing. Subsequently, Burnett requested a free transcript of the sentencing hearing for purposes of appeal, and the court granted his request. This appeal followed.

DISCUSSION AND DECISION

Burnett claims the trial court failed to provide a sufficiently detailed sentencing statement, engaged in inappropriate judicial fact-finding during sentencing, and improperly considered during sentencing: (1) the contents of a post on Burnett's page on a social media website, (2) Burnett's potential for earning credit time while incarcerated, and (3) an allegation that Burnett belonged to a gang. The State responds that Burnett waived all of these claims. We first address the State's argument.

A defendant may waive the right to appellate review of his or her sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). The content and language of the plea agreement itself, as well as the colloquy where necessary, govern the determination as to the validity of the waiver. *Id.* at 76. A specific dialogue with the judge is not a necessary prerequisite to a valid waiver of appeal if there is other evidence in the record demonstrating a knowing and voluntary waiver. *Id.*

In *Creech*, the parties executed a plea agreement that capped the executed portion of Creech's sentence at six years. The plea agreement contained the following provision:

3

> I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement.

*Id.* at 74. In reviewing this provision, our Supreme Court noted that Creech did not claim it was unclear or that he misunderstood it. Consequently, the Court concluded that the provision was valid, and so was Creech's waiver of his right to appeal. The Court thus declined to address the merits of Creech's claim.

In Burnett's case, he acknowledged in his plea agreement that if he pleaded not guilty, he had "the right, in the event that I should be found guilty of the charge against me, to appeal my conviction on such a charge to a higher court." Appellant's App. p. 19. The plea agreement further states, "I understand also that if I plead GUILTY I waive the right to a speedy public trial by jury and all of the attendant constitutional rights." *Id.* In addition, the agreement set forth the possible range of sentences Burnett faced. Finally, the agreement states:

> I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. I hereby waive my right to appeal my sentence under *Creech v. State*, 887 N.E.2d 73 (Ind. 2008), so long as the Judge sentences me within the terms of my plea agreement.

*Id.* at 21.

The plea agreement's citation to *Creech* appears to have little value in determining the validity of Burnett's waiver. There is nothing in the agreement that indicates anyone explained to Burnett the citation to *Creech* or the significance of that case. Nevertheless, the language of the waiver provision otherwise tracks verbatim the waiver provision at

4

issue in *Creech*. Furthermore, Burnett does not claim that he failed to understand the provision or that it was unclear. We thus conclude that Burnett waived his right to appeal his sentence. *See Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (determining that Brattain's plea agreement included a valid waiver of his right to appeal his sentence).

Waiver notwithstanding, Burnett's challenges to his sentence are without merit. He claims the trial court failed to provide a sufficiently detailed sentencing statement. Whenever imposing a sentence for a felony offense, the trial court must enter a sentencing statement that includes a reasonably detailed recitation of the court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Here, the trial court, over the course of a lengthy discussion, identified the factors it considered in sentencing, including Burnett's "significant role" in the offenses, tr. p. 35, "the circumstances of the offense," *id.* at 37, Burnett's criminal and juvenile history, *id.* at 39, and Burnett's cooperation with the police after the crimes, which caused unidentified individuals to retaliate against him, *id.* This is a sufficiently detailed statement of the court's reasons.

Next, Burnett argues that the trial court engaged in impermissible judicial fact-finding at sentencing, in violation of the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Specifically, he says the court considered as an aggravating factor comments on Burnett's Facebook page, which had not been submitted to a jury. We disagree. The court admitted a copy of the comments into evidence at the hearing, but there is no evidence

5

that the court considered those comments in identifying aggravating and mitigating factors. To the contrary, the court did not refer to the comments after admitting them into evidence.

Burnett further argues that the Facebook comments were impermissible hearsay. He concedes that he did not object to the admission of the comments, but he claims that their admission into evidence was fundamentally erroneous because they unfairly depicted him as a dangerous criminal. A claim waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that fundamental error occurred. *Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010). The fundamental error exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Id.* This exception is available only in egregious circumstances. *Id.*

In this case, the court admitted the Facebook comments into evidence but did not refer to them in the course of identifying aggravating and mitigating circumstances. We cannot say that the admission of the comments constituted a blatant violation of basic principles or substantially harmed him. Consequently, admission of the comments was not fundamental error.

Next, Burnett claims the court erred by considering during sentencing the amount of credit time he could earn during his term of incarceration. We do not agree that the court considered credit time as a factor in calculating Burnett's sentence. To the contrary, the court discussed credit time only after announcing Burnett's sentence, in the

6

context of encouraging Burnett to reduce the executed portion of his sentence by participating in programs while incarcerated.

Finally, Burnett contends the court "improperly considered unsupported allegations of gang membership." Appellant's Br. p. 10. However, the court did not discuss gang membership in the course of weighing aggravating or mitigating circumstances. Instead, the prosecutor argued to the court that Burnett was a gang member, along with the other individuals who participated in these crimes. Burnett did not timely object to the prosecutor's statement, and he does not argue on appeal that the prosecutor's statement amounted to misconduct. We find no error on the part of the trial court.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and BROWN, J., concur.