Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Apr 16 2014, 9:18 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CLIFFORD M. DAVENPORT**
Davenport Law Offices
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DANIEL DODD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1310-CR-847 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause Nos. 48C03-1208-FD-1533, 48C03-1109-FD-1671,
48C03-1210-FB-1876 and 48C03-1211-FD-2219

**April 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Daniel Dodd appeals his sentence following his convictions for burglary, as a Class B felony; two counts of theft, as Class D felonies; possession of a schedule IV controlled substance, as a Class D felony; unlawful possession of a legend drug, as a Class D felony; unlawful sale of a legend drug, as a Class D felony; and possession of marijuana, as a Class A misdemeanor; pursuant to a plea agreement. Dodd raises four issues for our review. However, because Dodd waived his right to appeal his sentence, we do not reach the merits of his appeal.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 13, 2013, Dodd pleaded guilty as charged under four separate cause numbers. In particular, Dodd pleaded guilty to burglary, as a Class B felony; two counts of theft, as Class D felonies; possession of a schedule IV controlled substance, as a Class D felony; unlawful possession of a legend drug, as a Class D felony; unlawful sale of a legend drug, as a Class D felony; and possession of marijuana, as a Class A misdemeanor. Dodd executed a plea agreement whereby the trial court would stay Dodd's sentencing pending his successful completion of the Madison County Drug Court Program. The plea agreement also provided that if he failed to graduate from Drug Court for any reason, "sentencing shall be open to the Court." Appellant's App. at 149. Finally, Dodd's plea agreement provided, in relevant part, as follows:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement. It is further agreed that

the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the defendant hereby waives any future request to modify the sentence under I.C. 35-38-1-17.

Appellant's App. at 149.

In June, Dodd tested positive for fentanyl, and in August his participation in the Drug Court Program was terminated. Following a sentencing hearing in September, the trial court imposed an aggregate sentence of twenty-nine years. This appeal ensued.

## DISCUSSION AND DECISION

We do not reach the merits of Dodd's appeal of his sentence because, as the State points out, Dodd waived his right to appeal his sentence. It is well settled that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. See Creech v. State, 887 N.E.2d 73, 75 (Ind. 2008). Further, as our supreme court has observed,

> neither the Indiana Rules of Criminal Procedure nor Indiana Code requires trial courts that accept plea agreements to make express findings regarding a defendant's intention to waive his appellate rights. Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver.

Id. at 77.

In an attempt to avoid waiver, Dodd, for the first time in his reply brief, contends that he "did not knowingly or willingly waive his right to appeal." Appellant's Brief at 5. But an appellant may not raise an issue for the first time in a reply brief, and the issue is waived. French v. State, 778 N.E.2d 816, 825-26 (Ind. 2002). The State erroneously refers to its waiver argument as a "cross-appeal." But a cross-appeal is a freestanding claim of reversible error. Here, the State merely responds to Dodd's challenges to his

3

sentence by asserting that he had waived his right to appeal his sentence. Thus, while Dodd would be permitted to respond to any issue properly raised on cross-appeal in his reply brief, such is not the case here.

Waiver notwithstanding, to the extent Dodd contends that the trial court was required to orally advise Dodd that he was waiving his right to appeal his sentence, our supreme court has rejected that contention. See Creech, 887 N.E.2d at 77; see also Brattain v. State, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (rejecting assertion that waiver in plea agreement must be accompanied by trial court advisement, citing Creech). Likewise, we reject Dodd's contention that the waiver is invalid because his plea agreement did not explicitly state that he was willingly and voluntarily giving up his right to appeal. See Creech, 887 N.E.2d at 77 (noting "[a]cceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver.") We hold that Dodd waived his right to appeal his sentence.

Affirmed.

KIRSCH, J., and CRONE, J., concur.