## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2018, 5:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Broden Law
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James P. Little,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 3, 2018<br><br>Court of Appeals Case No.<br>18A-CR-666<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1707-F5-93 |

**Tavitas, Judge.**

## Statement of the Case

James Little appeals his sentence, received pursuant to his guilty plea for operating a motor vehicle after his driving privileges were forfeited for life, a Level 5 felony. We affirm.

## Issue

Little raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

On July 22, 2017, Little drove a vehicle in Tippecanoe County. Little was charged with operating a motor vehicle after his driving privileges were forfeited for life, a Level 5 felony, pursuant to Indiana Code Section 9-30-10-16. Little pleaded guilty to operating a motor vehicle after his driving privileges were forfeited for life, a Level 5 felony, and the State agreed to dismiss a probation revocation petition in another cause.

During the guilty plea hearing, Little admitted he was operating a motor vehicle on July 22, 2017, in Tippecanoe County, that his driving privileges were already forfeited for life at the time he operated the vehicle, and that Little knew they were forfeited for life at the time he operated the vehicle.

At sentencing, the trial court stated:

> I do have some familiarity with your history and while it is true, as Mr. O'Brien indicated, that perhaps your criminal history doesn't include a lot of violent types of crimes, you are a repeat

offender and it keeps going on and on and you keep doing the same darn thing. I don't know how many times I've seen in this record that you're driving while license forfeited for life . . . . And so, I'm not sure I buy the argument that you are at a low risk to re-offend. Your history just shows otherwise.

Tr. Vol. II p. 30. The trial court found as aggravating factors: (1) Little's criminal history; (2) the repetitive nature of the offense; (3) Little's nineteen petitions to revoke probation filed against him, with nine revocations ordered; and (4) the fact that this offense was committed while Little was on pretrial release on the Bartholomew County case and after Little's failure to appear on another case pending in Tippecanoe County. The trial court found the following mitigating factors: (1) Little pleaded guilty and took responsibility for his actions; (2) Little was cooperative with law enforcement; and (3) Little had a history of employment. The trial court found the aggravators "far outweigh the mitigating factors calling for an aggravated sentence." *Id.* at 33. The trial court sentenced Little to six years to be executed in the Indiana Department of Correction.

## Analysis

[6] Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *See Grimes v. State,* 84 N.E.3d 635, 643 (Ind. Ct. App. 2017) (citing *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007)), *trans denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and

actual deductions to be drawn therefrom. *Anglemyer,* 868 N.E.2d at 490. Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied.*

[7] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

[8] We look to the statutory ranges established for the classification for the relevant offense. Little pleaded guilty to a Level 5 felony. The sentence for a Level 5 felony ranges from one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Here, the trial court imposed a six-year sentence.

[9] We first review the nature of Little's offense. Little drove a vehicle after lifetime forfeiture of his license and admitted to doing so knowingly. He has demonstrated disdain for the law by continuously choosing to operate a motor vehicle despite three prior convictions for operating a motor vehicle after forfeiture of his license for life.

[10] Next, we consider Little's character. Little's extensive criminal history reflects poorly on his character. As noted in the pre-sentence investigation report ("PSI") and at the sentencing hearing, Little has several misdemeanor convictions for check deception in 1996 and 1997; operating while intoxicated in 1994, 2003, and 2004; and driving while suspended in 1993 and 1995. Little's felony convictions include battery on a child in 1993; two theft convictions in 1993, one theft conviction in 1994, and one theft conviction in 1996; nine convictions for non-support of a dependent child in 1997; two theft by check deception convictions in 1997; check fraud in 1998; forgery in 1998; escape in 2001; fraud in 2002; habitual traffic offender in 2003 and 2004; and operating a motor vehicle after lifetime forfeiture in 2004, 2014, and 2017. Furthermore, Little committed the instant offense while on pretrial release in Bartholomew County for the same offense and after Little failed to appear at sentencing in a prior Tippecanoe County case for the same offense. To date, Little has been convicted of seven misdemeanors and twenty-five felonies, including multiple thefts, fraud, and forgery, all of which are considered crimes of dishonesty. Little has had nineteen petitions to revoke probation filed

against him, with nine revocations ordered.  Little also has a history of failing to appear.  Little has a long history of thumbing his nose at the court.

[11]  Little argues that "some degree of criminal history is inherent in the offense of operating a motor vehicle after lifetime forfeiture as the statute defining that offense is a discreet [sic], separate and independent habitual offender statute providing for increasingly serious penalties for habitual violators of traffic laws." Appellant's Br. pp. 4-5.  Little's habitual driving offenses were not the only ones considered in his sentencing.  These convictions followed two prior convictions for this same offense in 2004 and 2014.  Little continued to drive a vehicle despite his knowledge that he should not and despite his prior convictions for this same offense.  While Little's expression of remorse may reflect well upon his character, the court questions his sincerity due to his repeated convictions for the same offense. Little's alleged remorse does not necessarily outweigh his criminal history for purposes of sentencing.  *See Brattain v. State,* 891 N.E.2d 1055, 1058 (Ind. Ct. App. 2008).

[12]  Little also argues that a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return.  The extent to which a guilty plea is mitigating, however, will vary from case to case.  *See Lavoie v. State,* 903 N.E.2d 135, 143 (Ind. Ct. App. 2009) (citing *Hope v. State,* 834 N.E.2d 713 (Ind. Ct. App. 2005)).  It has been well established that "a plea is not necessarily a significant mitigating factor." *Lavoie,* 903 N.E.2d at 143 (citing *Cotto v. State,* 829 N.E. 2d 520, 525 (Ind. 2005)).  Specifically, "a guilty plea does not rise to the level of significant mitigation where the defendant has

received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied.* Here, Little's outstanding probation revocation was dismissed pursuant to the plea agreement. This dismissal was a benefit to Little. Additionally, while the trial court did find that the guilty plea was a mitigating factor, the trial court also found that the aggravating factors far outweighed the mitigating factors. Under these circumstances, we are not persuaded that Little's sentence is inappropriate.

## Conclusion

[13] Little's sentence is not inappropriate in light of the nature of the offense or Little's character. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.