# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Sep 16 2014, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BRENT A. MECHLING,          )
                            )
    Appellant-Defendant,    )
                            )
        vs.                 )          No. 90A02-1312-CR-1031
                            )
STATE OF INDIANA,           )
                            )
    Appellee-Plaintiff.     )

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1207-FD-61

**September 16, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

Brent Mechling appeals his three-year sentence for invasion of privacy, a Class D felony. Mechling raises two issues for our review: (1) whether the State is estopped from arguing Mechling waived his right to appeal in his plea agreement where the State failed to object when the trial court advised Mechling at the sentencing hearing about a right to appeal; (2) whether Mechling's sentence is inappropriate in light of the nature of his offense and his character. Concluding Mechling validly waived the right to appeal his sentence in a written plea agreement and that the State is not estopped from enforcing the waiver provisions of Mechling's plea, we affirm.[1]

## Facts and Procedural History

On July 31, 2012, the State charged Mechling with strangulation, a Class D felony; invasion of privacy, a Class D felony; and domestic battery, a Class A misdemeanor. The State later added an additional charge of battery resulting in bodily injury, a Class D felony. Mechling pled guilty to invasion of privacy as a Class D felony, and the State agreed to dismiss the remaining charges.

Mechling's guilty plea hearing was held on October 28, 2013, and the trial court accepted Mechling's plea. Mechling's plea agreement left sentencing to the trial court's discretion, and the agreement included a waiver of his right to appeal his sentence.[2] On November 26, 2013, the sentencing hearing was held, and Mechling was sentenced to

---

[1] Because we find Mechling's waiver of his appellate rights to be dispositive, we do not address his claim of an inappropriate sentence.

[2] Specifically, Mechling's plea agreement contained the following waiver provisions relevant to his right to an appeal:

three years imprisonment in the Indiana Department of Correction. At the close of the sentencing hearing and after Mechling's sentence had been imposed, the trial court told Mechling that he had the right to appeal his sentence and that the court would appoint an attorney to represent Mechling if he wished to appeal. Neither the State nor defense counsel interjected to correct the trial court during that advisement, and no objection was made.[3] Mechling now brings this appeal challenging his sentence as inappropriate.

### Discussion and Decision

In Creech v. State, our supreme court held that a criminal defendant may waive the right to appellate review of his sentence as part of a written plea agreement. 887 N.E.2d 73, 76 (Ind. 2008). The facts of that case are virtually identical to ours: the defendant pled guilty and waived his right to appeal, and at the sentencing hearing, after the plea was entered and the sentence pronounced, the trial court incorrectly advised the defendant of his right to appeal. Id. at 74. On appeal, Creech argued the trial court's erroneous advisement led him to believe he retained the right to appeal and the waiver of appellate rights agreed to in the plea agreement should not be enforced. Id. Our supreme court rejected this argument, concluding that the trial court's advisement did not affect the knowing and voluntary nature of the plea. Id. at 76-77.

---

> I hereby waive my right to appeal my sentence so long as the Judge sentences me within the within the [sic] terms of this Agreement.
> ***
> I hereby specifically waive the right to challenge the reasonableness of the sentence I receive in this cause under Appellate Rule 7(B). I also specifically waive the right to challenge the sentence on the basis that it is erroneous.

Appellant's Appendix at 110, 113.

[3] The sentencing transcript ends with Mechling telling the trial court that he must speak to his attorney about the decision to appeal and whether he would hire private counsel if he chose to appeal.

It would seem that <u>Creech</u> squarely forecloses Mechling's ability to appeal in this case. However, Mechling presents us with a slightly different argument than that made by the defendant in <u>Creech</u>: Mechling argues he is entitled to appeal not because his plea was not knowing or voluntary, but because the State failed to object at the sentencing hearing during the trial court's erroneous advisement and thus should be estopped from enforcing the plea agreement's waiver provisions. We are not persuaded by this argument.

"Estoppel is a judicial doctrine sounding in equity." <u>Town of New Chicago v. City of Lake Station ex. rel. Lake Station Sanitary Dist.</u>, 939 N.E.2d 638, 653 (Ind. Ct. App. 2010), <u>trans. denied</u>. "[I]t is a concept by which one's own acts or conduct prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct." <u>Id.</u> Although estoppel comes in many forms, each is based on the same underlying principle: "one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other." <u>Id.</u>

"There are several estoppel doctrines, including collateral estoppel, equitable estoppel, judicial estoppel, promissory estoppel, estoppel by deed, and estoppel by record." <u>Zoller v. Zoller</u>, 858 N.E.2d 124, 127 (Ind. Ct. App. 2006). Mechling does not identify any particular doctrine of estoppel that he believes is applicable to this case. He does, however, concede that the doctrine of invited error, which is grounded in estoppel principles, <u>see</u> <u>Jolly v. Modisett</u>, 257 Ind. 426, 429, 275 N.E.2d 780, 782 (1971), does not apply here. Appellant's Reply Brief at 3. We agree that this is not a case of invited error.

Similarly, we conclude no other estoppel doctrine applies, nor should the State be estopped from enforcing the plea agreement based on the general underlying principles of estoppel.

The State has not, by deed or conduct, created any detriment to Mechling, nor did the State act in any way that could lead Mechling to rely on the State's conduct for the proposition that he could appeal his sentence. The trial court's advisement was made sua sponte, and there was no conduct whatsoever on the State's part that would prevent Mechling from exercising any right he had. As Mechling readily acknowledges, the trial court's mistaken advisement—and the State's accompanying silence—did not affect the knowing or voluntary nature of his plea. There is no detrimental reliance on which Mechling can base an estoppel claim.

Mechling argues that enforcement of his agreement to waive appellate rights is fundamentally unfair where the State "sit[s] idly by" during the trial court's erroneous advisement. Appellant's Reply Br. at 3. "[S]ilence will not form the basis of an estoppel unless the silent party has a duty to speak." Town of New Chicago, 939 N.E.2d at 653. While some sort of objection or correction from the State is undoubtedly ideal,[4] we do not believe a duty to speak existed here such that application of estoppel is warranted. "[S]ubsequent actions by the trial court following a defendant's plea are presumed to have no effect on the plea transaction, even in cases where a defendant is erroneously

---

[4] This court has previously noted the increasing prevalence of plea agreements containing a waiver of the right to appeal, and we have advised trial courts to be on the lookout for those agreements. Ricci v. State, 894 N.E.2d 1089, 1093 n.7 (Ind. Ct. App. 2008), trans. denied. We now echo that advice to trial courts and also urge counsel—both prosecutors and defense attorneys alike—to be mindful of these waivers and to speak up when the trial court misadvises a defendant.

advised that he has a right to appeal." Brattain v. State, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (citing Creech, 887 N.E.2d at 77) (emphasis added). We cannot say there was a duty to object to a statement that carried no legal effect.

Furthermore, Mechling fails to explain why it is fundamentally unfair to enforce valid waivers contained in his plea agreement. The fact of the matter is that he entered into his plea agreement knowingly and voluntarily. Mechling got exactly what he bargained for, and the State's failure to object to a legally null advisement by the trial court has not unfairly prejudiced Mechling in any way. We do not believe fundamental fairness requires that Mechling be granted a gratuitous right to appeal in these circumstances. Cf. Creech, 887 N.E.2d at 76-77 ("This is not a case in which a defendant failed to pursue a legal right after being instructed erroneously by the trial court that he lacked the ability to do so.") (citations omitted).

Finally, we cannot help but observe that Mechling and his defense counsel sat just as idly as the State during the trial court's erroneous advisement. Where there is little to be gained—and much in judicial resources to be lost—by defense counsel's failure to correct the trial court, we see no reason to reward a defendant for that failure with a right to appeal that he has freely waived in exchange for the benefit of a plea bargain.

In Creech, our supreme court determined that erroneous advisements at sentencing regarding a defendant's waived right to appeal "are not grounds for allowing [a defendant] to circumvent the terms of his plea agreement." 887 N.E.2d at 76. That is as true in this case as it was in Creech.

<u>Conclusion</u>

Concluding Mechling waived the right to appeal his sentence and that the State is not estopped from enforcing the waiver provisions of Mechling's plea agreement, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.