## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 02 2015, 9:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Constantine D. Mills, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 2, 2015

Court of Appeals Cause Nos. 90A05-1406-CR-291

Appeal from the Wells Circuit Court, The Honorable Michael J. Lewis, Judge
Cause Nos. 90C01-1306-FC-10 and 90C01-1401-FA-1

**Vaidik, Chief Judge.**

# Case Summary

[1] Constantine D. Mills, Jr. pled guilty to Class A felony child molesting and Class B felony sexual misconduct with a minor and was sentenced to fifty years

in the Department of Correction. On appeal, Mills argues that the trial court abused its discretion in its treatment of aggravating and mitigating factors and his sentence is inappropriate. We do not reach these claims, however, because we conclude that Mills waived the right to appeal his sentence. We therefore dismiss this appeal.

## Facts and Procedural History

[2] Mills had sexual intercourse with his biological daughter, B.M., when she was between twelve and fourteen years old. B.M. became pregnant and gave birth to a child in July 2013. Genetic testing confirmed that Mills was the child's father. The State charged Mills with Class A felony child molesting and Class B felony incest. Mills also had intercourse with B.D., a child unrelated to him, when she was fifteen years old. For these actions, the State charged Mills with Class B felony sexual misconduct with a minor and Class C felony sexual misconduct with a minor.

[3] The State entered into a plea agreement with Mills that resolved both cases. Mills agreed to plead guilty to Class A felony child molesting (B.M.) and Class B felony sexual misconduct with a minor (B.D.), and the State agreed to dismiss the remaining counts. Sentencing was left to the trial court's discretion with the limitation that the sentences would be served concurrently. *See* Appellant's App. p. 55. The plea agreement required Mills to waive the right to appeal his sentence:

13. I hereby specifically waive the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences me within the terms of the plea agreement. Also I hereby waive the right to any future request to modify the sentence imposed by the Court at the time of sentencing . . . .

\* \* \* \* \*

36. I hereby waive the right to challenge the reasonableness of the sentence I receive in this cause under Appellate Rule 7(B). I also specifically waive the right to challenge the sentence on the basis that it is erroneous.

*Id.* at 54, 58.

[4] Mills' guilty-plea hearing took place on March 12, 2014. Before accepting the plea agreement, the trial court advised Mills of his rights:

TRIAL COURT: Do you understand that if you would have had a trial and been found guilty, you would have the right to appeal your conviction to the Indiana Supreme Court or the Indiana Court of Appeals[,] whatever the case may be?

MILLS: Yes.

TRIAL COURT: And do you understand that by pleading guilty you would be waiving and giving up that appeal right?

MILLS: Yes.

TRIAL COURT: Do you understand that you have the right to be represented by an attorney at all times, including during a trial or for any appeal which you might wish to pursue and if you cannot afford to

pay an attorney now or in the future, the Court would appoint counsel to represent you?

MILLS: Yes.

*      *      *      *      *

TRIAL COURT: I have before me, Mr. Mills, what appears to be a plea agreement with your signature. Did you in fact sign it, sir?

MILLS: Yes.

TRIAL COURT: Did you read it before you signed it?

MILLS: Yes.

TRIAL COURT: Did you discuss it with your attorney . . . before you signed it?

MILLS: Yes.

TRIAL COURT: And did he answer all of your questions that you had about this document?

MILLS: Yes.

*      *      *      *      *

TRIAL COURT: Do you have any other questions though that you want to ask?

MILLS: No, I'm okay.

Tr. p. 18-23. The court then accepted the plea agreement. *Id.* at 25-26.

[5] Two weeks later, the trial court sentenced Mills to fifty years in the Department of Correction: fifty years executed for Class A felony child molesting and eight years executed for Class B felony sexual misconduct with a minor, to run concurrently. *Id.* at 47. In doing so, the court stated that Mills was "the worst of the worst":

> [I] don't know how else you describe someone [who] impregnates their 12[-]year[-]old daughter as not being among the worst of the worst. You are, sir, the worst of the worst. You deserve every single day of the [fifty]-year sentence I am giving you. . . . If I could give you more, I would.

*Id.*

[6] At the conclusion of the sentencing hearing, the court addressed Mills' right to appeal, saying:

> *Because the court sentenced you to an open sentence in this case [] you have the right to appeal the sentence that was imposed here today.* In order to do so, you must either file a Notice of Appeal or Motion to Correct Error within 30 days of this date. If you elect to file a Motion to Correct Error, you must file your Notice of Appeal within 30 days of an adverse ruling on that Motion. Failure to comply with these requirements will result in the forfeiture [of] your right to an appeal. You have the right to be represented by counsel at all stages of these proceedings including any appeal which you may wish to pursue. If you are unable to afford an attorney, I am obligated to appoint one to represent you at no cost to you. *Do you understand that you have a right to appeal your sentence today, sir?*

*Id.* at 48 (emphases added).

Mills indicated that he understood the court's instructions and wished to appeal his sentence. *Id.* (Trial counsel: "He would like to appeal his sentence, Judge." Trial court: "Yep. I am going to appoint [counsel]."). The State said nothing during this exchange.

Mills now appeals.

# Discussion and Decision

On appeal, Mills argues that the trial court erred in sentencing him. We do not reach this issue, however, because we conclude that Mills waived the right to appeal his sentence.

Our Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Further, as the Court observed:

> [N]either the Indiana Rules of Criminal Procedure nor Indiana Code requires trial courts that accept plea agreements to make express findings regarding a defendant's intention to waive his appellate rights. Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver.

*Id.* at 77.

The Court also indicated in *Creech* that a trial court's statements that led a defendant to believe that he retained the right to appeal at the sentencing hearing were not grounds to circumvent the terms of the plea agreement: "By

the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Id.* at 76.

[12] Mills waived the right to appeal his sentence. The language of the plea agreement itself is not ambiguous. Paragraph thirteen of the agreement explicitly states that Mills waived his right to challenge his sentence "*under any standard of review*, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B) . . . ." Appellant's App. p. 53. Mills "concedes that the plea agreement – specifically, paragraph [thirteen] – specifies he waived his right to appeal his sentence . . . ." Appellant's Reply Br. p. 4. Even if we were persuaded by Mills' argument that paragraph thirty-six is ambiguous, we cannot say that the plea agreement as a whole is ambiguous or misleading in light of paragraph thirteen's express statement that Mills agreed to waive his right to appeal his sentence under any standard of review. Furthermore, the trial court's statements at the guilty-plea hearing were not improper—the court was correct in stating that Mills had the right to appeal his conviction. Although Mills forfeited his right to appeal his sentence, he retained the right to challenge his conviction. The court did err, however, when it advised Mills at his sentencing hearing that he could appeal his sentence. But the court made this erroneous statement at the end of the sentencing hearing—well after it had accepted the plea agreement and entered Mills' fifty-year sentence. By this time, Mills had

already agreed to waive the right to appeal his sentence and had received the benefit of his bargain.

[13]  Mills additionally argues that waiver should not apply because the State failed to object when—at the end of the sentencing hearing—the trial court erroneously advised him that he could appeal his sentence. *See* Appellant's Br. p. 17 ("[T]he State is estopped from claiming the affirmative defense of waiver."). This Court recently rejected such an argument, noting that "while some sort of objection or correction from the State is undoubtedly ideal, we do not believe a duty to speak existed here such that application of estoppel is warranted." *Mechling v. State*, 16 N.E.3d 1015, 1017-18 (Ind. Ct. App. 2014), *trans. denied*.[1] Trial-court actions that follow a defendant's plea "are presumed to have no effect on the plea transaction, even in cases where a defendant is erroneously advised that he has a right to appeal." *Id.* (citing *Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) & *Creech*, 887 N.E.2d at 77)). Because the State had no duty to object to a statement with no

_____

[1] Mills argues that *Mechling* is factually distinguishable because the trial court in this case advised him improperly at the guilty-plea hearing *and* at sentencing, whereas in *Mechling*, the trial court only erred at the end of the defendant's sentencing hearing. We disagree. As we have already stated, the trial court did not err in its advisements at the guilty-plea hearing. And to the extent Mills suggests that the court erred by not discussing the agreement's waiver provisions, the court was not required to do so. *See Creech*, 887 N.E.2d at 77; *see also Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (rejecting claim that waiver in plea agreement must be accompanied by trial-court advisement, citing *Creech*).

legal effect, its silence does not bar waiver in this case. We therefore dismiss this appeal.

Dismissed.

Baker, J., and Riley, J., concur.