## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2015, 8:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew T. Dickerhoff, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | May 29, 2015 <br><br> Court of Appeals Case No. 52A02-1408-CR-535 <br><br> Appeal from the Miami Circuit Court <br><br> The Honorable Timothy P. Spahr, Judge <br><br> Trial Court Cause No. 52C01-1306-FB-23 |

**Mathias, Judge.**

[1] Matthew T. Dickerhoff ("Dickerhoff") pleaded guilty in Miami Circuit Court to Class D felony maintaining a common nuisance and Class A misdemeanor possession of marijuana. After a sentencing hearing, the trial court sentenced

Dickerhoff to two years imprisonment for the Class D felony with one year executed and one year suspended to supervised probation. The court sentenced Dickerhoff to one year executed in the Miami County jail for the Class A misdemeanor. The sentences were to be served concurrently. On appeal, Dickerhoff claims both that the trial court abused its discretion in sentencing him and that his sentence is inappropriate.

[2] We affirm.

## Facts and Procedural History

[3] On June 5, 2013, police obtained a search warrant to search Dickerhoff's residence at 213 South Wabash in Peru. That residence consisted of two separate apartments. Dickerhoff lived in one apartment, and his sister and her family lived in the other. Dickerhoff possessed less than thirty grams of marijuana in his residence. The residents of the other apartment possessed marijuana, drug paraphernalia, and methamphetamine. Dickerhoff admitted that he maintained the other apartment and that he knew they kept methamphetamine there.

[4] Dickerhoff was charged with five counts: Count 1, Class B felony dealing in methamphetamine; Count 2, Class D felony possession of methamphetamine; Count 3, Class D felony maintaining a common nuisance; Count 4, Class A misdemeanor possession of marijuana; and Count 5, Class A misdemeanor possession of paraphernalia. Dickerhoff agreed to plead guilty to Count 3 and Count 4, and the State agreed to dismiss the remaining charges. Sentencing

remained in the trial court's discretion. Under the terms of the plea agreement, Dickerhoff waived the right to appeal his conviction and sentence:

> **WAIVER OF RIGHT TO APPEAL OR MODIFIY** (sic) **SENTENCE.** I understand and agree that by accepting the terms of this Plea Agreement(,) I am forever waiving, forfeiting and giving up the right to appeal my conviction and the sentence contained in the Agreement, and waiving the right to ask the Court to modify the sentence at a later date. I may only appeal my sentencing (sic) if the Judge does not sentence me within the terms of my Plea Agreement. If he does sentence me within the terms of my Plea Agreement, my right to appeal the sentence is waived. I may only modify my sentenced (sic) with the agreement of the Miami county (sic) Prosecuting Attorney.

Appellant's App. p. 60.

[5] At the plea hearing, the trial court advised Dickerhoff of the rights he waived by pleading guilty. However, contrary to the terms of the plea agreement, the trial court informed Dickerhoff that he had the right to appeal the sentence because sentencing was left to the trial court's discretion.

[6] At the sentencing hearing, the trial court found Dickerhoff's criminal history to be an aggravating factor, and it found no mitigating factors. The court sentenced Dickerhoff to two years imprisonment with one year executed and one year suspended to supervised probation for Class D felony maintaining a common nuisance, and it sentenced Dickerhoff to one year in the Miami County jail for Class A misdemeanor possession of marijuana. The remaining three charges were dismissed. After ordering the sentence, the trial court again informed Dickerhoff that he had the right to appeal the court's sentence. Dickerhoff now appeals.

## Discussion and Decision

First, Dickerhoff argues that despite the plea agreement, he did not waive his right to appeal his sentence. Second, Dickerhoff argues that the trial court abused its discretion in sentencing him to an aggregate term of two years imprisonment with one year suspended to probation, and he claims that this sentence was inappropriate.

## I. Waiving the Right to Appeal

When a court convicts or sentences a defendant for a crime, the defendant has a constitutional right to appeal that conviction or sentence. *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind. 1998). When a defendant pleads guilty, he waives the right to appeal his conviction. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). A defendant may also waive the right to appeal his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008).

In order for a defendant to waive his right to appeal his sentence, he must do so knowingly, voluntarily, and intelligently. *See id*. at 76–77; *Ricci v. State*, 894 N.E.2d 1089, 1093 (Ind. Ct. App. 2008). Most waiver agreements are effective when set out in writing and signed. *See Creech*, 887 N.E.2d at 76 (citing *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)). The content and language of the plea agreement, as well as the colloquy, determine the validity of the waiver. *Id.* (citing *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)).

In *Creech*, the appellant argued that despite the express language in the plea agreement, he did not knowingly and voluntarily waive his right to appeal. *Id.*

The appellant claimed that the waiver in his plea lost its knowing and voluntary status because at the end of the sentencing hearing the court advised him of his right to appeal the sentence. *Id.* On appeal, our Supreme Court rejected the appellant's argument because the trial court's erroneous statement was made in the sentencing hearing. By the time the trial court advised him of the possibility of appeal, the appellant had already pled guilty and received the benefit of the plea agreement. *Id.* at 76–77. "Being told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Id.* at 77.

[11] In *Ricci*, the appellant also argued that the waiver of appellate review in his plea agreement was invalid because of statements made by the trial court. *See* 894 N.E.2d at 1093. However, unlike *Creech*, the trial court in *Ricci* stated at the plea hearing, as opposed to just the sentencing hearing, that the defendant had not surrendered the right to appeal his sentence. *Id.* Neither of the two parties contradicted this statement by the trial court, so we concluded that the defendant entered into the plea agreement with the understanding that he retained the right to appeal his sentence, voiding the written waiver of appeal. *Id.* at 1094.

[12] The facts of the present case are most similar to those of *Ricci*. Dickerhoff signed a plea agreement that stated: "I am forever waiving, forfeiting and giving up the right to appeal my conviction and the sentence contained in the Agreement . . . . I may only appeal my sentencing if the Judge does not sentence me within the terms of my Plea Agreement." Appellant's App. p. 60. Despite this language, the trial court advised Dickerhoff: "And do you

understand that by pleading guilty, you'd be giving up that appeal right too, except as to any sentencing since sentencing is being left to the Court's discretion?" Tr. p. 104. Neither party objected to this statement. The trial court again advised Dickerhoff during his sentencing hearing that he had a right to appeal his sentence and appointed him counsel to do so. Tr. pp. 128–29.

[13] The trial court's statement during the guilty plea hearing that Dickerhoff had the right to appeal his sentence voids the waiver in his plea agreement. Because the trial court gave Dickerhoff conflicting information regarding his right to appeal before he entered into his plea agreement, we cannot say that he knowingly, voluntarily, and intelligently waived his right to appeal. *See Ricci*, 894 N.E.2d at 1093. Therefore, we conclude that Dickerhoff retains his right to appeal his sentence.

## Abuse of Discretion

[14] A sentence that is within the statutory range is subject to review only for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). The trial court abuses its discretion if its decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. *Id.* at 490–91.

[15] When considering aggravating and mitigating factors, the relative weight given to a factor is not available for appellate review. *Id.* at 493–94. Also, the trial court does not abuse its discretion if it fails to consider a mitigating factor that was not raised at sentencing. *Id.* at 492.

[16] At the sentencing hearing, Dickerhoff mentioned his medical problems in arguing for a reduced sentence, but he failed to advance his guilty plea as a mitigating circumstance. Tr. p. 122. The trial court found Dickerhoff's criminal history to be an aggravator, but it found no mitigators. Tr. p. 126. Dickerhoff argues that the trial court abused its discretion by not finding his medical problems and guilty plea to be mitigating circumstances.

[17] The court did consider Dickerhoff's medical problems, but it found that it was not a significant mitigating circumstance: "[N]othing the Court has heard would rise . . . to the point of the Court finding those things to be mitigators." Tr. p. 126. The trial court is not required to find the presence of mitigating circumstances as does the defendant. *See Campbell v. State*, 820 N.E.2d 711, 720.

[18] Even though Dickerhoff did not raise his guilty plea as a mitigating factor at sentencing, it can still be raised for the first time on appeal. *See Anglemyer v. State*, 875 N.E.2d 218, 220 (Ind. 2007). A guilty plea deserves some mitigating weight. *See McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007). However, a guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in return for the plea. *Id.* In this case, Dickerhoff received a substantial benefit in return for the guilty plea: the State dismissed three of the

charges, and the trial court ordered concurrent sentences. *See id.* (holding that receiving concurrent sentences was a substantial benefit). Therefore, the trial court did not abuse its discretion in failing to find any mitigating circumstances.

**Inappropriate Sentence**

[19] Pursuant to Appellate Rule 7(b), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done others, and the myriad of other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1221 (Ind. 2008).

[20] On the date Dickerhoff committed his offense, the sentencing range for a Class D felony was six months to three years, with the advisory sentence being one and one-half years. I.C. § 34-50-2-7. The sentencing range for a Class A misdemeanor was up to one year. I.C. § 35-50-3-2. Following the probation department's recommendation, the trial court sentenced Dickerhoff to two years of incarceration with one year suspended for the felony and one year of incarceration for the misdemeanor, and the court ordered the sentences to be served concurrently.

[21] The nature of the offense is that Dickerhoff was heavily involved in drugs. He possessed drugs, and he maintained a nuisance where drugs could be manufactured. As to the Dickerhoff's character, the trial court found that he had

a steady criminal history. In addition, he made no effort to address his drug problem and reacted poorly when his probation officer suggested he take substance abuse classes. The trial court specifically mentioned Dickerhoff's attitude toward substance abuse classes as one of its concerns. Tr. p. 126.

[22] In light of the nature of the offense and the character of the offender, we conclude that the trial court's sentence was not inappropriate.

[23] Affirmed.

May, J., concurs, and Robb, J., concurs with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew T. Dickerhoff,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 29, 2015<br><br>Court of Appeals Case No.<br>52A02-1408-CR-535<br><br>Appeal from the Miami Circuit Court<br><br>The Honorable Timothy P. Spahr,<br>Judge<br><br>Trial Court Cause No.<br>52C01-1306-FB-23 |

## Robb, Judge, concurring.

I concur with the majority that because the trial court misadvised Dickerhoff about his appeal rights at his plea hearing rather than at his sentencing hearing, he has not knowingly, voluntarily, and intelligently waived his right to appeal. *See* slip op. at ¶ 13. However, I note, much as we did in *Mechling v. State*, 16 N.E.3d 1015 (Ind. Ct. App. 2014), *trans. denied*, that the attorneys representing the State and the defendant are both officers of the court and have a responsibility to correct any obvious errors at the time they are committed. In *Mechling*, we held the State was not estopped from enforcing the waiver provisions of a plea agreement simply because it had not objected when the trial court, at the conclusion of the sentencing hearing, erroneously advised the defendant of his right to appeal his sentence. *Id.* at 1017-18. We also noted,

however, that defendant's counsel "sat just as idly by as the State during the trial court's erroneous advisement" and that there was "much in judicial resources to be lost" by the failure of either attorney to speak up if the result was to be a "gratuitous appeal." *Id.* at 1018.

[2] That is the situation we have encountered here. The parties knew the terms of the plea agreement and should have corrected the trial judge when he misspoke. Because the improper advisement came during Dickerhoff's plea hearing, time, effort, and resources have been expended briefing and deciding a sentencing appeal that Dickerhoff had originally bargained away.