## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2015, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm, LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob McDaniel, <br> *Appellant-Defendant / Cross-Appellee,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff / Cross-Appellant* | July 20, 2015 <br><br> Court of Appeals Case No. 29A04-1412-CR-599 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Daniel J. Pfleging, Judge <br><br> Case No. 29D02-1312-FC-10137 |

**Crone, Judge.**

## Case Summary

[1] Jacob McDaniel appeals his sixteen-year aggregate sentence imposed following the trial court's acceptance of his plea agreement with the State, in which he

pled guilty to class C felony reckless homicide and class D felony pointing a firearm. The State cross-appeals, asserting that pursuant to his plea agreement, McDaniel waived his right to directly appeal his sentence. McDaniel argues that he did not knowingly and voluntarily agree to waive his right to appeal his sentence because the trial court advised him at the sentencing hearing that he had the right to appeal his sentence. We conclude that McDaniel knowingly and voluntarily waived his right to appeal his sentence and that the trial court's mistaken advisement at the end of the sentencing hearing does not affect the validity of McDaniel's waiver. Accordingly, we dismiss.

## Facts and Procedural History

[2] The factual basis supporting McDaniel's guilty plea follows. One evening in December 2013, McDaniel was at his Noblesville home with three friends, Dajuan Williams, Skylar Gadd, and Aubrey Peters. McDaniel took Williams and Gadd upstairs to his bedroom where he showed them his father's handgun and shotgun. McDaniel took the handgun downstairs to show Peters. McDaniel thought that the gun was unloaded because he had removed the magazine. While pointing the gun in Peters's direction, McDaniel pulled the trigger and shot her, causing her death. McDaniel told Williams and Gadd to say that the gun just fell off the table and fired. During the investigation, police learned that two days before the shooting, McDaniel had pointed a shotgun at another friend, Haley Graham.

[3] The State charged McDaniel with one count of class C felony reckless homicide, a firearm sentencing enhancement, and four counts of class D felony

pointing a firearm. In September 2014, McDaniel and the State entered into a plea agreement, wherein McDaniel agreed to plead guilty to class C felony reckless homicide, the firearm sentencing enhancement, and one count of class D felony pointing a firearm, and the State agreed to dismiss two counts of pointing a firearm and all charges in cause number 29D02-1407-F6-5519.[1] The parties also agreed that McDaniel's aggregate sentence was to be no less than five years executed on home detention and no more than fifteen years executed in the Department of Correction, but otherwise sentencing was left to the discretion of the trial court. In addition, the plea agreement contains a series of paragraphs with a blank for McDaniel to initial each paragraph. McDaniel initialed paragraph 4r, in which he agreed to waive his right to appeal his sentence.

[4]     In September 2014, a plea hearing was held at which McDaniel pled guilty to class C felony reckless homicide, the firearm sentencing enhancement, and one count of class D felony pointing a firearm. The trial court advised McDaniel of his rights and discussed the charges, the penalties, and the terms of the plea agreement. While under oath, McDaniel specifically told the trial court that he read the paragraphs that he initialed. Appellee's App. at 16.[2] He also stated

---

[1] Although the plea agreement calls for the State to dismiss two counts of pointing a firearm, ultimately the trial court dismissed all three of the remaining charges for pointing a firearm. In cause number 29D02-1407-F6-5519, the State charged McDaniel with level 6 felony unlawful possession of a syringe.

[2] McDaniel failed to provide us with the transcript of the guilty plea hearing. We thank the State for providing the transcript.

that his defense counsel was available to discuss the plea agreement with him and answer his questions. At no time did the trial court advise McDaniel that he had the right to appeal his sentence. The trial court took the plea agreement and the State's motion to dismiss charges under advisement and ordered the preparation of a presentence investigation report.

[5] In December 2014, a sentencing hearing was held. The trial court accepted the plea agreement and entered judgment of conviction for class C felony reckless homicide and class D felony pointing a firearm. The trial court sentenced McDaniel to consecutive terms of eight years for reckless homicide plus five years for the firearm sentencing enhancement, all executed, and three years for pointing a firearm, with two years served in community corrections and one year suspended to probation, for an aggregate sentence of sixteen years. After McDaniel was sentenced, the trial court advised him that he had the right to appeal his sentence and asked him if he would like to appeal his sentence. McDaniel's counsel stated that they wanted to discuss it. The trial court asked defense counsel whether he could assist McDaniel with an appeal. Defense counsel replied affirmatively. This appeal ensued.

## Discussion and Decision

[6] McDaniel argues that the trial court erred in sentencing him. However, we do not address the sentencing errors he alleges because we conclude that he waived his right to directly appeal his sentence.

[7] Although a "person convicted of, or sentenced for, a crime by a court of this state has a constitutional right to appeal that conviction or sentence," *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind. 1998), *cert. denied* (2000), a person who pleads guilty waives the right to appeal the conviction. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). A person may also waive the right to appeal his or her sentence pursuant to a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). To be valid, such a waiver must be agreed to knowingly and voluntarily. *Id*. at 76. "'[M]ost waivers are effective when set out in writing and signed.'" *Id*. (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)). "'The content and language of the plea agreement itself, as well as the colloquy where necessary, govern [the] determination as to the validity of the waiver.'" *Id*. (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)) (alteration in *Creech*).

[8] Here, paragraph 4r of the plea agreement provides that McDaniel,

> [u]nless otherwise provided for in this plea agreement, hereby waives his right to appeal any discretionary portion of the sentence entered pursuant to and in accordance with this plea agreement and further acknowledges and affirms that this waiver is knowing and made voluntarily. He understands that he otherwise would have a right to appeal his sentence if there is an open plea. [McDaniel] hereby waives his right to appeal the sentence so long as the Court sentences him within the terms of the plea agreement. He understands and waives his right to appeal the proportionality of the sentence under Article I, Section 16 of the Indiana Constitution. *Therefore*, he knowingly and voluntarily agrees to waive his right to appeal his sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences him within the terms of this plea agreement.

Appellant's App. at 14.

[9] The language of the plea agreement clearly and unambiguously states that McDaniel is waiving his right to appeal his sentence as long as he is sentenced within the terms of the plea agreement. Both McDaniel and his counsel signed the plea agreement. At the guilty plea hearing, McDaniel told the trial court that he placed his initials in the blanks next to paragraphs 4a through -u and that his initials indicated that he "read the paragraphs that came after [his] initials." Appellee's App. at 16. McDaniel also told the court that his counsel was available to answer the questions he had about the plea agreement. *Id.* Defense counsel stated that McDaniel had had several questions over the course of the proceedings, and McDaniel stated that counsel had answered his questions to the best of his ability. The trial court asked McDaniel if he understood the agreement, and McDaniel said that he did. *Id.* at 18. During the guilty plea hearing, the trial court did not advise McDaniel that he had the right to appeal his sentence. Accordingly, we conclude that McDaniel knowingly and voluntarily waived his right to appeal his sentence.

[10] However, McDaniel argues that the final discussion between the parties and the trial court at the close of the sentencing hearing shows that he did not knowingly waive his right to direct appellate review of his sentence. After the trial court accepted the plea agreement, ordered that judgment of conviction be entered for reckless homicide and pointing a firearm, and dismissed the remaining charges, it erroneously advised McDaniel that he had the right to appeal his sentence. The trial court asked defense counsel whether he could

assist McDaniel with an appeal. Defense counsel replied affirmatively. The trial court stated, "I think you set out legal arguments that would assist him in that area." Tr. at 100. The prosecutor then stated that he would like to release the victim's personal property to the family "even if it is on appeal, that would be appealing the sentence." *Id*. Defense counsel said, "We would only be appealing the sentence, so that would be fine," and the trial court agreed. *Id*. McDaniel contends that this conversation shows that the parties to the plea agreement anticipated that he reserved his right to appeal the sentence. He also asserts that the prosecutor failed to object and participated in the discussion, and therefore the State waived any objection to his exercise of his right to appellate review of his sentence.

[11] These arguments were addressed and rejected in *Creech* and *Mechling v. State*, 16 N.E.3d 1015 (Ind. Ct. App. 2014), *trans. denied* (2015), neither of which McDaniel acknowledges. In *Creech*, our supreme court rejected the argument that Creech's waiver was not knowing and voluntary because the trial court advised him at the end of the sentencing hearing that he had the right to appeal his sentence. 887 N.E.2d at 76. Our supreme court reasoned that the trial court's mistaken advisement at the end of sentencing occurred after Creech had pled guilty and received the benefit of the plea agreement, and therefore the mistaken advisement presumably had no effect on the transaction. *Id*. at 77. In *Mechling*, another panel of this Court rejected Mechling's argument that the State was estopped from enforcing the written waiver of his right to appeal his sentence by its failure to object or correct the trial court's mistaken advisement

at the end of the sentencing hearing. 16 N.E.3d 1017-18. The *Mechling* court concluded that "[w]hile some sort of objection or correction from the State is undoubtedly ideal, we do not believe a duty to speak existed here such that application of estoppel is warranted." *Id.* *Cf. Holloway v. State*, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011) (concluding that Holloway's waiver of right to appeal sentence was not knowing and voluntary where trial court stated at least twice at combined guilty plea and sentencing hearing that defendant could appeal sentence, before defendant had received benefit of his plea bargain); *Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009) (concluding that Bonilla did not waive right to appeal sentence where trial court advised him at guilty plea hearing and again at sentencing hearing that he had right to appeal sentence) *trans. denied*; *Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008) (concluding that Ricci did not waive right to appeal sentence where trial court advised him at guilty plea hearing that he had right to appeal sentence), *trans denied*.

[12] As happened in *Creech* and *Mechling*, the trial court in this case did not mistakenly advise McDaniel at the guilty plea hearing that he had the right to appeal his sentence. McDaniel's counsel at sentencing was the same counsel who advised him during plea negotiations, who signed the plea agreement, and who represented him at the guilty plea hearing. The trial court's mistaken advisement at the end of the sentencing hearing had no effect on the prior valid waiver of McDaniel's right to appeal his sentence. We also observe that the trial court sentenced McDaniel within the terms of the plea agreement.

Therefore, we conclude that McDaniel waived the right to appellate review of his sentence, and we dismiss his appeal.

[13] Dismissed.

Brown, J., and Pyle, J., concur.