**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tracey LEE, Defendant–Appellant.**

**No. 00–2505.**

United States Court of Appeals, Seventh Circuit.

Submitted March 22, 2001.

Decided March 22, 2001.

Before BAUER, WOOD, Jr., POSNER, Circuit Judges.

## ORDER

Tracey Lee pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. Lee's plea agreement contained an express waiver of his right to appeal his sentence, but he regardless filed a notice of appeal. His attorney now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers Lee's appeal to be wholly frivolous. Although Lee was notified pursuant to Circuit Rule 51(b) of his right to respond to counsel's motion to withdraw, he has not done so. Having considered counsel's brief, we grant his motion to withdraw and dismiss the appeal.

In his *Anders* brief, counsel considers whether Lee could challenge his sentence. Counsel explains, however, that Lee's plea agreement incorporated a waiver of his right to appeal his sentence. The right to appeal can be waived in a valid plea agreement. *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir.2000). In determining whether an appeal waiver was made knowingly and voluntarily, and thus is valid, we would examine the "content and language of the plea agreement," as well as the plea colloquy. *United States v. Williams*, 184 F.3d 666, 668 (7th Cir.1999).

Lee's sentencing-appeal waiver is unambiguous. Paragraph 9(h) of Lee's plea agreement provides that:

I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

And, as mandated by Federal Rule of Criminal Procedure 11, the district court thoroughly questioned Lee about the provisions of his plea agreement, and specifically the appeal-waiver provision. Lee acknowledged that if he received a prison sentence within the statutory maximum, he would be "waiving or giving up" his right to appeal his sentence. Lee also stated that he understood what giving up his right to appeal meant. Moreover, the judge explained that Lee's waiver of his right to appeal his sentence meant "for all intents and purposes I'm the very last judge you're going to see in this case."

Lee again responded that he understood the effect of his waiver. Finally, the district court ensured that Lee had discussed the appeal waiver with his attorney and that counsel fully explained the consequences of the waiver. We therefore agree with counsel that it would be frivolous for Lee to argue that his appeal waiver is unenforceable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Lee's appeal.