**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derrick L. LEONARD, Defendant–
Appellant.**

No. 01–2920.

United States Court of Appeals,
Seventh Circuit.

Submitted June 27, 2002.

Decided July 2, 2002.

Before POSNER, KANNE, and
EVANS, Circuit Judges.

### ORDER

In 2001 Derrick Leonard pleaded guilty to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 37 months' imprisonment, four years' supervised release, and a $100 special assessment. Leonard filed a notice of appeal, but his attorney, finding no nonfrivolous issues for appeal, has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is more than facially adequate, and we commend counsel for his thorough examination of the possible issues on appeal. Leonard has not responded not counsel's motion, although he was given the opportunity to do so. *See* Cir. R. 51(b). Therefore, we confine our review to those potential issues identified in coun-

sel's brief. *See United States v. Tabb*, 125 F.3d 583 (7th Cir.1997) (per curiam).

Counsel first evaluates whether Leonard could argue that his plea was not knowing and voluntary. Leonard did not move to withdraw his plea, so we would review this argument for plain error. *See United States v. Vonn*, —— U.S. ——, ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). As counsel notes, the district court carefully followed the requirements of Federal Rule of Criminal Procedure 11 in conducting the plea colloquy, ensuring that Leonard understood the charge against him, the rights he was waiving by pleading guilty, and the maximum and minimum possible penalties. *See* Fed.R.Crim.P. 11(c). The district court also explained the application of the sentencing guidelines and elicited from the government the factual basis of the offense, which Leonard confirmed was accurate. *See id.* Therefore, we agree with counsel that any argument that Leonard's plea was not knowing and voluntary would be frivolous.

Next, counsel considers whether Leonard could raise any challenge to his sentence. But in his plea agreement, Leonard explicitly waived the right to appeal his sentence, and we will uphold a waiver-of-appeal provision as long as the agreement in which the waiver is contained is valid. *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir.2001); *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000). As discussed above, the record indicates that the district court carefully followed Federal Rule of Criminal Procedure 11 to verify that Leonard's plea agreement was entered into knowingly and voluntarily, and there is no suggestion that the district court relied upon an impermissible factor such as race in sentencing him or that the court sentenced him above the statutory maximum, *see, e.g., United States v. Williams*, 184 F.3d 666, 668 n. 2

(7th Cir.1999). Therefore, any potential appeal of his sentence would likewise be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.