IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-31050
Summary Calender

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSEPH DEGREAT

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-00143

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph DeGreat appeals his sentence after pleading guilty to conspiring to possess various illegal drugs with the intent to distribute. The government has moved to dismiss the appeal since DeGreat's guilty plea included a waiver of his right to appeal. For the reasons that follow, we determine that DeGreat's appeal waiver is valid and that this appeal should therefore be dismissed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DeGreat agreed to plead guilty to a drug conspiracy charge in exchange for the government's agreement not to charge him with a prior felony drug conviction under 21 U.S.C. § 851, which would have triggered a 20-year mandatory minimum. In the plea agreement, DeGreat agreed to waive his right to appeal his sentence unless the sentence imposed exceeded the statutory maximum, which was a life sentence. DeGreat eventually received a 10-year prison term. He then filed this appeal of his sentence.

DeGreat contends that his waiver of his appellate rights is void. He argues that the district court breached the plea agreement when it gave him a higher sentenced based, in part, on the fact that the government had agreed not to pursue the § 851 charge. This consideration, DeGreat argues, denied him the benefit of his bargain. But even if he the district court did deny him the benefit of his bargain, the district court cannot "breach" a plea agreement, as the agreement is solely an agreement between the government and DeGreat. See, e.g., United States v. Williams, 184 F.3d 666, 671 (7th Cir. 1999) (observing that the court had "repeatedly indicated that 'a plea agreement is a contractual arrangement between two parties, the defendant and the government'" and the district court "'is not a party to the contract.'" (quoting United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998))). DeGreat bargained for certain things from the government and he knew that the ultimate sentencing decision would be left up to the district court. The government fulfilled its end of the bargain. And the exception to the appellate waiver—that DeGreat be sentenced under the statutory maximum—is not met since DeGreat's ten year sentence is less than the statutory maximum of life in prison. The appeal waiver should therefore be enforced.

The government's motion to dismiss is GRANTED and its alternative motion for a 30-day extension to file a responsive brief is DENIED.