NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided December 22, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1887

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:09CR40056-001-JPG |
| FREDERICK G. GOOSBY, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Frederick Goosby, along with an accomplice, sauntered into First Bank and Trust in Murphysboro, Illinois, and handed the teller a note reading, "This is a holdup." Before grabbing some of the money that the teller had laid out, Goosby chided her to hurry and emphasized his impatience by thrusting what the teller believed to be a gun under his shirt. Police arrested Goosby, who already was on supervised release for other federal convictions, after his wife provided information about the robbery. Goosby pleaded guilty to one count of bank robbery. *See* 18 U.S.C. § 2113(a). Given his federal drug convictions and a state conviction for aggravated battery of a child, the district court designated Goosby as a career criminal, *see* U.S.S.G § 4B1.1, and calculated an imprisonment range of 151 to 188 months. The court sentenced Goosby above that range to 196 months, to be served

consecutively to the 44-month term of reimprisonment imposed for violating his supervised release.

Goosby filed a timely notice of appeal challenging his new conviction but not the revocation of supervised release. His appointed lawyer has concluded, however, that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Goosby did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issue counsel discusses. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). According to counsel, Goosby does not want his guilty plea vacated. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

As part of his plea agreement, Goosby conceded the accuracy of the district court's guideline's calculations and also waived the right to appeal "any aspect of his conviction and sentence" except for the reasonableness of a sentence "in excess of the Sentencing Guidelines as determined by the Court." This unambiguous appeal waiver stands with Goosby's uncontested guilty plea, *United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010); *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995), so the only conceivable argument on appeal would be that the 196-month prison term would be unreasonable as measured against the 151 to 188 month range calculated by the district court. That potential argument, says counsel, is frivolous and we agree.

As counsel notes, an appellate presumption of reasonableness does not apply to a prison term above the guidelines range, but our limited review would be for abuse of discretion, and we would uphold the sentence so long as the district court provided enough explanation to substantiate the degree of variance above the range. *United States v. Johnson*, 612 F.3d 889, 896 (7th Cir. 2010); *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010); *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008).

Here, the district court evaluated Goosby's individual characteristics and arguments in mitigation, including his health, his pattern of recidivism, the seriousness of the bank robbery, and the effect on the victim teller. The district judge had sentenced Goosby for his prior drug convictions, and in the court's view, his "inability to live in a free society without violating the law," despite the numerous opportunities for reform he received in prior dealings with the criminal justice system, warranted a sentence that was marginally above the guidelines range. *See United States v. Ellis*, 622 F.3d 784, 800 (7th Cir. 2010); *United States v. Gooden*, 564 F.3d 887, 891 (7th Cir. 2009); *United States v. Jackson*, 547 F.3d 786, 793 -94 (7th

Cir. 2008);. The district court's careful consideration of the factors in 18 U.S.C. § 3553(a) leaves Goosby no basis for an appeal.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.