## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2016, 6:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corvette McCampbell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 9, 2016 <br><br> Court of Appeals Case No. <br> 15A01-1605-CR-1081 <br><br> Appeal from the Dearborn <br> Superior Court <br><br> The Honorable Jonathan N. <br> Cleary, Judge <br><br> Trial Court Cause No. <br> 15D01-1511-F2-31 |

**Robb, Judge.**

# Case Summary and Issues

[1] Corvette McCampbell entered a plea of guilty to dealing in a narcotic, a Level 2 felony, and was sentenced to twenty-eight years in the Indiana Department of Correction. On appeal, McCampbell raises two issues regarding his sentence: 1) whether the provision in his plea agreement waiving the right to appeal his sentence is enforceable; and 2) whether the trial court abused its discretion in sentencing him. Concluding the waiver provision of his plea agreement is enforceable and McCampbell waived his right to appeal his sentence, we affirm.

# Facts and Procedural History

[2] On October 30, 2015, Officer James Wells of the Indiana State Police stopped McCampbell for a traffic violation in Dearborn County, Indiana. Thereafter, Officer Wells learned an active warrant had been issued for McCampbell in White County, Indiana. Officer Wells placed McCampbell under arrest and performed an inventory search of the vehicle. The inventory search revealed approximately 500 grams of heroin in the trunk of the vehicle.

[3] The State charged McCampbell with dealing in a narcotic drug, a Level 2 felony, and alleged he was an habitual offender. On March 30, 2016, McCampbell and the State entered into a written plea agreement pursuant to which McCampbell would plead guilty to dealing in a narcotic drug in exchange for the State's dismissal of the habitual offender enhancement. In addition, the plea agreement provided,

> Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence, pursuant to Indiana Appellate Rule 7(B).

Appendix of Appellant at 60.

[4] At the change of plea hearing, the trial court advised McCampbell of the various rights he was giving up by pleading guilty, including the right to appeal his sentence.

> The Court: [T]he State of Indiana and the Defendant agree that pursuant to your plea of guilty you shall be sentenced by the Court at the sole discretion of the Court pursuant to Indiana sentencing laws. And, that you waive the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule [7(B)]. . . . Is that your understanding of your agreement?
>
> [McCampbell]: Yes.

Transcript at 3. McCampbell offered a factual basis for the offense and pleaded guilty. The trial court accepted McCampbell's plea, entered judgment of conviction for dealing in a narcotic, and scheduled a sentencing hearing. At the hearing, the trial court sentenced McCampbell to twenty-eight years in prison. McCampbell now appeals.

# Discussion and Decision

# I.  Waiver

A provision waiving the right to appellate review as part of a written plea agreement is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver. *Id.* at 77. Although McCampbell signed a written waiver of his right to appeal his sentence, he argues the language in the waiver provision is incomplete and confusing, and thus unenforceable, because it does not specifically waive his right to have his sentence reviewed for an abuse of discretion. Stated differently, he argues because the waiver provision specifically mentions Indiana Appellate Rule 7(B) review and not abuse of discretion review, the latter is still available to him on direct appeal. We disagree with McCampbell that the waiver provision is incomplete, confusing, and unenforceable.

The contested provision states,

> Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence, pursuant to Indiana Appellate Rule 7(B).

Appendix of Appellant at 60. This provision precludes McCampbell's right to appeal *any* sentence imposed by the trial court, *including* Rule 7(B) review. The provision is not limited solely to Rule 7(B), and we decline to read it as such.

McCampbell also points out that, after sentencing, the trial court advised him of his right to appeal, heightening his confusion. While the trial court did advise McCampbell of his right to appeal, it began its statement with, "[h]e waived the right to appeal this sentence based upon . . . the State's dismissal of the habitual offender . . . ." Tr. at 86. The trial court went on to state, "[b]ut, the Court will still advise him of his right to appeal, though it has been waived." *Id.* We admit this is confusing; however, it does not alter the legal effect of his plea agreement, which had already been accepted by the trial court at the change of plea hearing. *See Creech* 887 N.E.2d at 77 (explaining by the time the trial court erroneously advised the defendant of the possibility of appeal, the defendant had already pleaded guilty and received the benefit of his bargain, therefore being told at the close of the sentencing hearing that he could appeal presumably had no effect on his decision to enter the plea agreement).

Here, the plea agreement was referenced repeatedly at the change of plea hearing, and McCampbell acknowledged having read and signed it. The trial court did not advise McCampbell he had a right to appeal at the change of plea hearing, and therefore McCampbell could not have proceeded with the understanding that provision of his plea agreement was void. As in *Creech*, it was not until the conclusion of McCampbell's sentencing hearing, after his plea had been accepted and his sentence imposed, that the trial court advised him of his right to appeal. As the trial court advised him of his right to appeal after accepting the plea agreement and sentencing him, whatever the trial court's

intent in advising him of the right to appeal, the statement had no legal effect on the terms of McCampbell's plea. *See id.* at 76-77.

[9] Further, McCampbell's waiver was made knowingly and voluntarily. At McCampbell's guilty plea hearing, the trial court explained to McCampbell the terms of the plea agreement and what rights he was giving up by entering into it, including the right to appeal. McCampbell affirmed to the trial court he understood the terms of the agreement and the trial court subsequently sentenced McCampbell to a term within the range provided by statute. *See* Ind. Code § 35-50-2-4.5 (stating a person who commits a Level 2 felony shall be imprisoned for a fixed term between ten and thirty years). Therefore, we conclude McCampbell has waived his right to directly appeal his sentence.

## II.  Abuse of Discretion

[10] Waiver notwithstanding, McCampbell's challenge to his sentence fails on its merits. He contends the trial court abused its discretion by relying on an improper factor to support his sentence. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. A trial court abuses its discretion in sentencing if it does any of the following:

(1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)).

[11] McCampbell argues the trial court relied on an improper factor in sentencing him. To support this argument, McCampbell points to certain comments made by the trial court while discussing McCampbell's offense. The trial court stated,

> Obviously as the Judge of the Dearborn County Veterans Treatment Court and also the Dearborn County Drug Court, I oversee a large docket of primary, primarily young IV heroin users. And, the exhibit, State's exhibit two, the blocks, or bricks of heroin is something that, being in criminal courts everyday [sic] for fifteen [years] I've never seen. I have never seen this much heroin, I mean this is a significant amount of heroin, and obviously that's the elephant in the room. The facts of this case are heinous, five thousand doses of heroin, I can go through in my mind the, the Drug Court participants who have overdosed and died, I can see their faces in my mind right now.

Tr. at 83. By this statement, McCampbell contends the trial court "conjured up images of dead heroin addicts who had previously passed through the court [and] punished McCampbell for the crimes of others by allowing past cases to improperly influence the outcome in this case." Brief of Appellant at 9.

[12]     We find no error with the trial court's statements. It is clear the trial court was discussing the serious nature of heroin addiction and its effect on past participants in the Dearborn County Drug Court. Further, the trial court went on to state,

> Five thousand doses of heroin is dangerous. The culpability of the Defendant is high, severity of the crime of, of transporting one pound of heroin to deal is high, and the potential damage to others is high. The criminal history . . . [shows] eight convictions, five of those were misdemeanors, . . . there were three felonies . . . . So the Court, by law, is required to consider the facts, in particular, the pound of heroin, and the criminal history. . . . The criminal history and the amount of heroin involved puts the Court in a position . . . where it's not going to impose the maximum sentence, but it's not in the position to exercise much mercy either.

Tr. at 83-86. It is obvious from reading the trial court's entire statement it did not punish McCampbell for the crimes of others. Rather, the trial court illustrated the seriousness of McCampbell's offense by commenting on Dearborn County's unfortunate past experiences with heroin addicts and the danger presented to the community by possessing that amount of heroin. The trial court made clear the aggravating factors it considered were McCampbell's criminal history and the substantial amount of heroin in his possession.

## Conclusion

[13]     McCampbell knowingly and voluntarily entered into a written plea agreement with a provision waiving his appellate rights. Such provisions are valid and

enforceable, and McCampbell has advanced no reasons to hold otherwise in this case. Therefore, he has waived his right to appeal his sentence. The twenty-eight-year sentence imposed by the trial court is affirmed.

[14] Affirmed.

Mathias, J., and Brown, J., concur.