## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2017, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David K. Payne
Deputy Public Defender
Michigan City, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keith L. Johnson, *Appellant-Defendant*, | May 8, 2017 |
| | Court of Appeals Case No. 46A03-1602-CR-329 |
| v. | Appeal from the LaPorte Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Michael S. Bergerson, Judge |
| | Trial Court Cause No. 46D01-1506-F3-523 |

**Brown, Judge.**

[1]     Keith L. Johnson appeals his sentence for his conviction for robbery as a level 3 felony and for being an habitual offender. Johnson raises two issues which we revise and restate as whether the trial court abused its discretion in sentencing him or whether his sentence is inappropriate. The State cross-appeals and raises the issue of whether Johnson has waived the right to appeal his sentence. We determine that Johnson has waived the right to appeal his sentence and remand for resentencing on the habitual offender enhancement.

*Facts and Procedural History*

[2]     On June 23, 2015, Johnson and a woman went to a consignment and resale business in Michigan City, Indiana, and knowingly or intentionally took property from the owner by threat of force while armed with a deadly weapon. Johnson knew when he went in with her the woman she was robbing the store, and he served as a lookout for her. On June 24, 2015, the State charged him with: Count I, robbery as a level 3 felony; and Count II, possession of a firearm by a serious violent felon as a level 4 felony. On October 5, 2015, the State alleged that Johnson was an habitual offender under Count III.

[3]     Johnson and the State entered into a written plea agreement, pursuant to which Johnson agreed to plead guilty to robbery as a level 3 felony as charged under Count I and to admit being an habitual offender as alleged under Count III. The agreement provided:

> On Count I – Robbery, [Johnson] will be sentenced to ten (10) years in the Indiana Department of Correction;

On Count III – Habitual Offender, [Johnson] will have an argued sentence to determine sentence; . . . .

Appellant's Appendix Volume II at 32. The agreement provided that, upon sentencing, the remaining count would be dismissed. In addition, the agreement stated:

> [Johnson] understands that in consideration of the State's entry into this plea agreement, he expressly waives his right to appeal or to contest any sentence and any restitution order imposed or the manner in which the conviction or sentence or the restitution order was determined or imposed, to the Indiana Court of Appeals, the Indiana Supreme Court or any other Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any proceeding under Indiana Post-Conviction Rules 1 and 2 or 28, United States Code, Section 2254.

*Id.* at 34.

[4]  Pursuant to the plea agreement, Johnson pled guilty to robbery as a level 3 felony under Count I and admitted to being an habitual offender under Count III. The court held a sentencing hearing and sentenced him to ten years for his conviction for robbery as a level 3 felony under Count I. With respect to the habitual offender allegation the court stated that it had considered the presentence investigation report, the arguments at the sentencing hearing, and the victim's statements. It referred to mitigating and aggravating circumstances, and sentenced Johnson to twenty years as an habitual offender to be served consecutive to the ten-year sentence for robbery. The court advised Johnson

"you're entitled to file an Appeal or file a Motion to Correct Error" and "if you cannot afford to hire an attorney one would be appointed for you at the county's expense." Transcript at 78. The court then asked "[i]s it your intention to want to file a Motion to Correct Errors or file a Precipe to Appeal the decision of the Court," and Johnson's counsel answered affirmatively on behalf of Johnson. *Id.*

[5] The court's written sentencing order states the court sentenced Johnson to ten years for robbery as a level 3 felony under Count I and, "on Count III, Habitual Offender to twenty (20) years." Appellant's Appendix Volume II at 63. The court further ordered "that the sentences be served consecutively." *Id.* Additionally, entries in the chronological case summary and the abstract of judgment indicate that the court entered a term of ten years for robbery as a class 3 felony under Count I and a term of twenty years for being an habitual offender[1] and ordered that the sentence for the habitual offender finding be served consecutive to the sentence under Count I. Johnson filed a notice of appeal. The State filed a motion to dismiss with this Court arguing that Johnson waived his right to appeal based on the terms of the plea agreement. Johnson filed a response stating that the trial court stated at the guilty plea hearing that, by pleading guilty, he would limit his ability to appeal and argues

---

[1] While the sentencing order refers to the habitual offender finding under Count III, the abstract of judgment and chronological case summary appear to identify the habitual offender designation under Count II.

that his waiver was not made knowingly or voluntarily. We denied the State's motion to dismiss.

## *Discussion*

[6] Johnson contends the trial court abused its discretion in imposing a sentence of twenty years for being an habitual offender in addition to his sentence for robbery, and that his sentence is inappropriate in light of the nature of the offense and his character. The State cross-appeals, arguing Johnson specifically waived any appeal of his sentence pursuant to his plea agreement, and that, waiver notwithstanding, the court properly determined the sanction for the habitual offender finding. It states that "[a]t sentencing the parties mistakenly believed that being a habitual offender was a crime subject to being sentenced as a crime and not the status offense that it actually is," "[i]n imposing the 20 year enhancement, the trial court mistakenly determined the presence of aggravating and mitigating circumstances," and "[h]owever, because aggravating and mitigating circumstances do not apply to habitual offender enhancements, the trial court's determination was, in all respects, harmless." Appellee's Brief at 13. The State also notes the trial court treated the habitual offender enhancement as a separate sentence and states that we may wish to remand with instructions to properly impose the habitual offender enhancement. In reply, Johnson asserts that he did not knowingly or voluntarily waive his right to appeal and notes that the trial court advised him at the guilty plea proceeding that his guilty plea would "somewhat limit your ability to appeal." Appellant's Reply Brief at 5 (citing Transcript at 30).

[7] The Indiana Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). In *Creech*, the Court adopted the view of the Seventh Circuit which declared "that defendants 'may waive their right to appeal as part of a written plea agreement . . . as long as the record clearly demonstrates that it was made knowingly and voluntarily.'" *Id.* (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). The Court also indicated that a trial court's statements that led a defendant to believe that he retained the right to appeal at the sentencing hearing were not grounds to circumvent the terms of the plea agreement. *Id.* at 76. Specifically, the Court held that, by the time the trial court erroneously advised the defendant of the possibility of appeal, the defendant had already pled guilty and received the benefit of his bargain. *Id.* at 77.

[8] Here, the plea agreement provides:

> [Johnson] understands that . . . he expressly waives his right to appeal . . . any sentence . . . imposed or the manner in which the . . . sentence . . . was determined or imposed . . . on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation . . . .

Appellant's Appendix Volume II at 34.

[9] The following exchange between the court and Johnson occurred at the guilty plea hearing:

Q. In addition, if you were to [sic] of had that trial and you were found guilty, you'd also have the right to [a]ppeal your conviction to the Supreme Court or the Court of Appeals as the case maybe [sic]. Do you understand that *by pleading guilty you somewhat limit your ability to file that appeal*?

A. Yes, sir.

* * * * *

Q. And do you understand, the charge to which you are pleading guilty is Robbery, as a Level 3 Felony, as charged under Count I of the Charging Information? In addition, you're also gonna plead guilty to Count III, habit - as being an Habitual Offender as charged under Count III of the Charging Information?

A. Yes, sir.

* * * * *

Q. Have you seen a copy of the Charging Information?

A. Yes, I have it right in front of me, sir.

Q. And do you need to have that reread to you at this point in time?

A. No, sir.

Q. And do you understand the possible penalties that could be attached to those charges if you were found guilty?

A. Yes, Sir.

* * * * *

Q. I have before me what purports to be a Plea Agreement with your signature on it. First of all, did you sign it?

A. Yes, sir.

Q. And did you read it before you signed it?

A. Yes, I did.

Q. Did you discuss it with your attorney again before you signed it? Af -- I mean are you reaffirming that that's your signature --

A. Yes.

Q. -- and that you want to go through this exercise today?

A. Yes, Sir.

* * * * *

Q. And again, what's -- with respect to the Robbery charge, what's gonna be the, the term of commitment to the Department of Correction that's being proposed?

A. Ten years.

Q. And with respect to the Habitual Offender charge, what is your understanding as to how that case is gonna be disposed of?

A. As far as I know I get up to -- from six to 20 years on that one.

Q. And that -- how is that gonna be determined by the, by argument?

A. As far as I know, yes, sir.

Q. Okay, you're gonna ar -- you and your -- your attorney and you and the State are gonna have a hearing with the Court and then I'll decide at, at some point in the future between that six to 14 years how much time should be imposed?

A. Yes, that's from what I'm understanding.

Transcript at 30-31, 33-36 (emphasis added).

[10] To the extent the plea agreement states that Johnson waives his right to appeal "any sentence . . . on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation," Appellant's Appendix Volume II at 34, we cannot say that the provision creates an ambiguity or allows Johnson to raise the issues of whether the trial court abused its discretion in sentencing him or whether his sentence is inappropriate. Further, to the extent the court asked Johnson at the guilty plea hearing whether he understood "that by pleading guilty you somewhat limit your ability to file that appeal," Transcript at 30, we cannot say that the question created uncertainty regarding the issues Johnson was and was not entitled to appeal under the plea agreement. Johnson indicated that he read and discussed the plea agreement with his attorney before he signed it. Also, we observe that under *Creech* the fact that the trial court made a statement at the sentencing hearing, after imposing a sentence, informing Johnson that he was entitled to take an appeal does not invalidate Johnson's plea where he received the benefit of his bargain, or invalidate his waiver of his right to appeal.

[11] Based upon the language in the plea agreement and the trial court's advisement at the guilty plea hearing, we conclude that Johnson waived his right to appeal his sentence. *See Creech*, 887 N.E.2d at 74-75 (holding the defendant waived his right to appeal his sentence, including his claim that his sentence was inappropriate, pursuant to the express language in his written plea agreement stating that he waived his right to appeal his sentence so long as the judge

sentenced him within the terms of his plea agreement). We accordingly do not address Johnson's claims that the trial court abused its discretion in sentencing him or that his sentence is inappropriate.

[12] We also observe, as the State acknowledges, that the trial court erroneously entered a separate twenty-year sentence for the habitual offender finding to be served consecutive to his sentence for robbery. Ind. Code § 35-50-2-8 provides that an habitual offender finding does not constitute a separate crime or result in a separate sentence. Rather, an habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001). The court's sentencing order entered a sentence of twenty years on the habitual offender count and ordered the sentence to be served consecutive to his sentence for robbery. Similarly, the abstract of judgment and chronological case summary list a separate sentence on the habitual offender count and do not reflect that the habitual offender enhancement was attached to Johnson's sentence for robbery as a level 3 felony. We remand for resentencing on the habitual offender enhancement.

## Conclusion

[13] For the foregoing reasons, we remand for resentencing on the habitual offender enhancement.

[14] Remanded.

Vaidik, C.J., and Bradford, J., concur.