# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2017, 10:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer D. Wilson Reagan
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brianna C. Petrarca,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 29, 2017<br><br>Court of Appeals Case No.<br>41A05-1702-CR-296<br><br>Appeal from the Johnson Circuit Court<br><br>The Honorable K. Mark Loyd, Judge<br><br>Trial Court Cause No.<br>41C01-1511-F4-69 |

**Pyle, Judge.**

# Statement of the Case

[1] Brianna C. Petrarca ("Petrarca") appeals the sentence imposed by the trial court following her guilty plea to two counts of Level 4 felony dealing in methamphetamine.[1] Petrarca argues that her aggregate sentence of eight (8) years with seven (7) years executed and one (1) year suspended on probation is inappropriate. Petrarca's plea agreement contained a provision that she was waiving her right to appeal her sentence so long as the trial court sentenced her within the terms of her plea agreement. Because the trial court sentenced Petrarca within the terms of her plea agreement, we conclude that she has waived her right to appeal her sentence. Accordingly, we dismiss this appeal.

[2] We dismiss.

# Issue

Whether Petrarca has waived her right to appeal her sentence pursuant to her written plea agreement.

# Facts

[3] On August 25, 2015, and, one week later, on August 31, 2015, Petrarca knowingly or intentionally delivered methamphetamine, which had a weight

---

[1] IND. CODE § 35-48-4-1.1. We note that, since the time of Petrarca's offense, the dealing in methamphetamine statute has been twice amended, with effective dates of July 1, 2016, and July 1, 2017. These amendments have no effect on this appeal.

between one and five grams. Thereafter, the State charged Petrarca with two counts of Level 4 felony dealing in methamphetamine.

[4] In November 2016, Petrarca entered into a written plea agreement. The terms of the agreement required her to plead guilty as charged. In exchange, the State would recommend that the sentences on the two charges be served concurrently. Finally, a cap of eight years would be placed on any executed time, with any additional time to be suspended. Petrarca's plea agreement also contained a provision, which provided, in relevant part, as follows:

> 17. I acknowledge that I may have the right to challenge this agreement and the resulting conviction and sentence. By entering into this plea agreement I hereby *waive* any right to appeal the conviction and/or sentence in this cause by direct appeal so long as the Judge sentences me within the terms of my plea agreement.

(App. Vol. 2 at 19) (emphasis added). During the plea hearing, the trial court established that Petrarca had read the plea agreement and had reviewed it with her attorney. Additionally, the trial court confirmed that Petrarca had signed the plea agreement with the understanding that she was "[w]aiv[ing] [her] rights and entitlements as contained throughout and entering into the plea based on the prosecutor's [sentencing] recommendation[.]" (Tr. 6).

[5] For each conviction, the trial court sentenced Petrarca to a term of eight (8) years with seven (7) years executed and one (1) year on probation, and it ordered these sentences to be served concurrently. Thus, the trial court sentenced Petrarca within the terms of her plea agreement. The trial court also

recommended that Petrarca be placed in Purposeful Incarceration, and it noted that it would consider a modification of her executed sentenced if she successfully completed a Therapeutic Community Program. Petrarca now attempts to appeal her sentence.[2]

# Decision

Petrarca argues that her aggregate sentence of eight (8) years with seven (7) years executed and one (1) year on probation for her two Level 4 felony dealing in methamphetamine convictions was inappropriate.

Our Indiana Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). The *Creech* Court adopted the view of the Seventh Circuit "that defendants 'may waive their right to appeal as part of a written plea agreement . . . as long as the record clearly demonstrates that it was made knowingly and voluntarily.'" *Id*. (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). The *Creech* Court also noted the benefit of such a waiver:

> [D]efendants are free to waive their rights, to exchange them for other things that they value more highly. They exchange jury trials for lower sentences—and there is no reason why defendants cannot do the same with rights to appeal. An appeal requires the

---

[2] The trial court did not inform Petrarca that she had a right to appeal her sentence. Petrarca filed a petition seeking permission to file a belated notice of appeal. Prior to receiving a response from the State, the trial court granted the petition.

prosecutor's office to spend time researching the record, writing a brief, and attending oral argument. All of this time could be devoted to other prosecutions; and a promise that frees up time may induce a prosecutor to offer concessions. A defendant who values these concessions will waive his rights in order to obtain them. The process makes both society and the defendant better off. To make a given right ineligible for waiver would stifle this process and imprison the defendant in his privileges.

*Id.* (quoting *United States v. Hare,* 269 F.3d 859, 861 (7th Cir. 2001)). The *Creech* Court held that a trial court is not required to make an "express finding" that a defendant has waived his appellate rights and that "[a]cceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver." *Id.* at 77.

[8] Here, Petrarca's written plea agreement contained a recommendation from the State that the sentences for the charges to which she was pleading guilty be served concurrently and have a cap of eight years on any executed time. Her plea agreement contained a specific provision that she was waiving her right to appeal her sentence "so long as the Judge sentence[d] [her] within the terms of [her] plea agreement." (App. Vol. 2 at 19). The trial court sentenced Petrarca—within the terms of her plea agreement—to a term of eight (8) years with seven (7) years executed and one (1) year on probation, and it ordered these sentences to be served concurrently.

[9] Based upon the language in the plea agreement and the fact that the trial court sentenced Petrarca according to the terms of her plea agreement, we conclude

that Petrarca has waived her right to appeal her sentence. *See Creech*, 887 N.E.2d at 74-75 (holding the defendant had waived his right to appeal his sentence, including his claim that his sentence was inappropriate, pursuant to the express language in his written plea agreement stating that he waived his right to appeal his sentence "so long as the Judge sentence[d] [him] within the terms of [his] plea agreement"); *Starcher v. State*, 66 N.E.3d 621, 623 (Ind. Ct. App. 2016) (dismissing the defendant's appeal of his sentence based on the provision in his guilty plea waiving appellate review "so long as the Judge sentences him . . . within the terms of []his agreement"), *trans. denied*. Accordingly, we will not address Petrarca's argument that her sentence was inappropriate, and we dismiss this appeal.

[10] Dismissed.

May, J., concurs in result.

Brown, J., concurs.